George Teagarden Kansas Livestock Commissioner 708 S.W. Jackson Topeka, Kansas 66603-3714
Dear Commissioner Teagarden:
You request our opinion regarding application of the confidentiality provisions contained in K.S.A. 2004 Supp. 47-674, as amended by L. 2005, Ch. 165, § 4, when data is shared with federal agencies subject to the Freedom of Information Act (FOIA).[1]
K.S.A. 2004 Supp. 47-674, as amended, authorizes the Livestock Commissioner to cooperate with the United States Department of Agriculture (USDA) and other entities to develop and implement a voluntary premises registration and animal identification and tracking system in Kansas. In seeking to implement these provisions of Kansas law, you are considering entering into an agreement with the USDA affiliated Farm Services Administration (FSA). You indicate that currently all federally possessed records pertaining to animal identification are considered open to the public, under the FOIA, and you are concerned as to whether the records thus created or obtained by your agreement with the FSA would then become open in possible violation of the confidentiality provisions set forth in K.S.A. 2004 Supp. 47-674, as amended.
As we understand the facts,[2] the proposed agreement would create a process by which individual livestock producers could voluntarily register their premises at the FSA office located in their county. If individual producers decide to register, they would be given access to an on-site FSA computer, or provided with a web address at which the individuals could register with the FSA by going on-line from another computer.[3] The information producers provide in this manner would go into a national data base which is maintained by the USDA. You indicate that no one locally, including the local FSA, would have actual custody of records or access to the on-line registration information. Rather, you state that the data would only be accessible on a national level, and any record request would have to be made directly to the USDA. You ask whether the confidentiality afforded this type of information, as set forth in Kansas law, would be breached or violated if the information should subsequently become open in the hands of the federal level authorities.
In a letter to our office, legal counsel for the Kansas Livestock Association (KLA) informs us that she believes that the proposed agreement would not violate the confidentiality provisions of Kansas law. As a basis for this conclusion, she states: "(1) FSA will not itself maintain any of the data or records it gathers under the contract, and (2) commercial information given voluntarily to a federal agency has been ruled to be exempt under the FOIA."[4] She goes on to state that because the FSA will not actually "maintain" any of the registration data, the FSA is not subject to the FOIA and it can therefore not violate K.S.A. 2004 Supp. 47-674, as amended in 2005, because it does not have access to any data that may be closed by Kansas law. Federal authorities have not informed us as to whether they make the registration information open to the public, or whether they merely provide it to other governmental entities.
The pertinent provisions of K.S.A. 2004 Supp. 47-674, as amended, state:
 "(a) The livestock commissioner is authorized to cooperate with the United States department of agriculture, other state governmental officials, tribal officials and representatives of private industry, and subject to the provisions of subsection (d), to promulgate rules and regulations, to define premises where animals are located and to develop and implement a voluntary premises registration and animal identification and tracking system for Kansas.
. . . .
 "(f) The livestock commissioner is authorized to enter into agreements with federal agencies or officials, other state agencies or officials, tribal officials or the owner of animals or such owner's authorized agent to coordinate efforts and share records and data systems pursuant to law to maximize the efficiency and effectiveness of this section.
 "(g) Any data or records provided or obtained pursuant to this section to an official of the animal health department shall be considered confidential by the animal health department and shall not be disclosed to the public. The provisions of subsection (b) of K.S.A. 45-229, and amendments thereto, shall not apply to the provisions of this subsection."[5]
We do not have enough facts to know whether the FSA, the USDA or the Kansas Department of Animal Health will individually or jointly possess a specific record or data, at some point and in some form.[6] It appears that the Department will play a role in obtaining the data in question. Thus, we begin by examining Kansas law.
K.S.A. 45-215 et seq. establish the Kansas Open Records Act (KORA), which declares that all public records are presumptively open to anyone, unless a specific law applies to allow or require closure of a specific public record.[7] K.S.A. 2004 Supp. 47-674, as amended, represents such closure authority, dictating that "any data or records provided or obtained pursuant to this section to an official of the animal health department shall be considered confidential by the animal health department and shall not be disclosed to the public."[8] Thus, pursuant to K.S.A. 2004 Supp. 47-764(g), as amended, any public record or data provided to or obtained by the Kansas Animal Health Department in connection with the registration process should be kept confidential. However, in reading the provisions of subsection (g) together in harmony with the language in subsections (a) and (f) of the same statute, it is clear that the Kansas Animal Health Department is allowed to share this type of information with those specific entities listed in the statute.[9]
The KORA applies to any recorded information regardless of form or characteristics.[10] Computerized data is a "record" under the KORA.[11] Under a 1996 amendment, the FOIA also clearly applies to computerized data.[12] The FOIA was enacted in 1966 and gives any person the right to request access to almost any federal agency record, except those protected from disclosure by legal exemptions and exclusions (e.g., classified national security, business proprietary, personal privacy, and investigative documents).
Thus, if a state agency such as the Department of Animal Health possesses a record relating to the affairs of that agency, even if it is only in electronic format and even if it is in the hands of an agent acting on behalf of the Department, it is a public record subject to the KORA. Likewise, if a federal agency possesses a similar record, even if electronic format, it becomes subject to the FOIA. If data originally obtained by the Department or a contracted agent of the Department is forwarded to another computer data base for manipulation and entry into a formal registry, it is still data "provided or obtained [by the Department] pursuant to" K.S.A. 2004 Supp. 47-674, as amended.
Public records may not be closed by contract unless a law permits or requires closure of the specific public records.[13] Agencies subject to the KORA may not use a contract to avoid the provisions of the Act.[14] Likewise, a state agency may not contract to violate provisions of a law making certain records confidential. A master or principle may not contractually authorize a servant or agent do something that the master or principle is not allowed to do themselves.[15] Thus, the duty imposed upon the Department of Animal Health to keep specific records or data confidential may not be violated by entering into a contract allowing the records to be handled in a manner that is contrary to the provisions of Kansas law.
Under K.S.A. 2004 Supp. 47-764(a) and (f), as amended, it is clear that lawmakers intended that your office would help establish a registry containing this information, in cooperation with many other entities. Thus, you may lawfully obtain the specified information, and you may cooperate with and provide this data to the USDA or the FSA in furtherance of their obtaining and using that information for the purposes stated in the statute. However, any information provided to or obtained by an official of the Animal Health Department, or its agents, should be considered and treated as confidential by that state agency and its agents.
K.S.A. 2004 Supp. 47-764(g), as amended, does not control the conduct of federal agencies or authorities. State lawmakers do not have independent authority to dictate what federal authorities do with public records that are in their possession. Rather, such federal agencies and record issues are subject to the provisions of the FOIA and federal lawmakers. Thus, if federal entities are acting independently, their actions and records are not subject to the provisions of K.S.A. 2004 Supp. 47-764(g), as amended.
Because the Kansas Department of Animal Health is subject to Kansas law, any contract involving this kind of data entered into by the Kansas Department of Animal Health should contain a clause stating that the information obtained pursuant to the terms of the contract remains subject to K.S.A. 2004 Supp, 47-764(g), as amended. Whether the other entities or agencies are willing or lawfully able to comply with such a contractual term must be determined by legal counsel for those agencies and entities. If the proposed agreement provides for continuing confidentiality of records obtained pursuant to Department of Animal Health authority or involvement, the state agency remains in compliance with all the provisions of K.S.A. 47-764(g), as amended.
In summary, K.S.A. 2004 Supp. 47-764, as amended by L. 2005, Ch. 165, § 4, authorizes the Kansas Department of Animal Health to cooperate with federal authorities in collecting data and creating a registry of livestock producers. Subsection (g) of that statute dictates that all such information obtained by or provided to the Department must be treated as confidential by the Department. A principle may not contractually authorize an agent to do something that the principle is not allowed to do themselves. Thus, any contract involving the Department and this type of information should contain a provision requiring continued protection of confidentiality by the other party. However, federal agencies and entities acting independently of the Department of Animal Health are not subject to the provisions of this statute. Thus, as long as they are not acting on behalf of the Department of Animal Health, such entities may lawfully handle the information and resulting records as required and allowed by federal law.
Sincerely,
 Phill Kline Attorney General of Kansas
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] 5 U.S.C. § 552 et seq.
[2] We do not have a copy of a proposed agreement, nor has information been provided to us by federal authorities. Thus, we rely solely upon the facts provided by you and by counsel for the Kansas Livestock Association.
[3] This factual scenario obviously presumes that no registrations will be carried out using paper forms, that would then have to be provided (at least initially) to FSA or your office, so that the follow-up electronic data entry could take place.
[4] Correspondence from Ms. Allie Devine, counsel for the KLA, dated September 2, 2005. Case law cited in support of the position that the FOIA does not mandate openness of federally possessed records containing commercial data provided by private businesses includes Critical Mass Energy Project v. NR, 975 F.2d 871 (D.C. Cir. 1992); and Ctr. For Auto Safety v. Nat'l Highway Traffic Safety Admin., 244 F.3d 144 (D.C. Circ. 2001).
[5] Emphasis added.
[6] While we cannot act as fact finders with regard to determining what federal entities will in fact actually possess the data in question, we can say that K.S.A. 2004 Supp. 47-647(g), as amended, will clearly close such information when it is provided to or obtained by the Kansas Livestock Commissioner's office.
[7] K.S.A. 45-217, as amended by L. 2005, Ch. 126, § 7 defines public records subject to the KORA to mean "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency. . . ."
[8] We note that the 2005 amendment to the provisions of K.S.A. 47-674(g) only added the phrase "or obtained."
[9] "[F]ederal agencies or officials. . . other state governmental officials, tribal officials and representatives of private industry. . . ."
[10] Burroughs v. Thomas, 23 Kan.App.2d 769 (1997).
[11] State ex rel. Stephan v. Harder, 230 Kan. 573 (1982) (considering prior records statute). Attorney General Opinions No. 87-137, 88-152, 89-106, and 94-104.
[12] On October 2, 1996, President Clinton signed into law the Electronic Freedom of Information Act Amendments of 1996 (E-FOIA). E-FOIA makes it possible for individuals to have electronic access to certain USDA information without making a formal FOIA request. While we have contacted the USDA about this issue, we have not received a response and thus do not know if they make this registration information and date available to the general public.
[13] Attorney General Opinion No. 91-116.
[14] Attorney General Opinion No. 93-55.
[15] Am.Jur.2d Agency "Authority of Agent" § 74 (an agent will never be deemed by implication to possess powers which the principal could not exercise if acting personally,á nor can the authority to do an illegal act or an act that is contrary to sound public policy be implied from the authority given to do a lawful act). See also Roddy v. Hill Packing Co,156 Kan. 706 (1943) (parties cannot agree by contract to an act prohibited by law).